### CAVANAGH *v.* CONNON.

MUTUAL INSURANCE—ASSESSMENT—SETTLEMENT.

> The fact that a policy holder in a mutual fire-insurance company, after he had canceled his policy, was sued on an assessment for losses and expenses incurred during the life of his policy, and settled such claim, is not a defense to an action brought against him by the receiver of the company on an assessment to cover a deficiency in the sum necessary to pay such losses and expenses, resulting from the fact that the former assessment included persons who were not liable thereon.

Error to Alpena; Kelley, J. Submitted April 3, 1900. Decided April 24, 1900.

*Assumpsit* by Joseph Cavanagh, receiver of the Alpena, Alcona & Montmorency Farmers' Mutual Fire-Insurance Company, against Alexander Connon, to recover an assessment on a policy. From a judgment for defendant, plaintiff brings error. Reversed.

*Joseph Cavanagh, in pro. per.*

*J. H. Cobb*, for appellee.

LONG, J. Plaintiff commenced this action as receiver for the Farmers' Mutual Fire-Insurance Company of Alpena, Alcona, and Montmorency Counties against the defendant, a member of the company. It was contended

by counsel for plaintiff that, in order to pay the liabilities for the year 1894, it was necessary to make an assessment, and that the proportion of that assessment of defendant amounted to $14.33, and that this amount should be paid before defendant could withdraw from the company. The court charged the jury on the claim made by the defendant as follows:

"On the other hand, the defense is, or the defense sought to be brought forward here is, that in 1895 Mr. Connon attempted to withdraw from this association; and I instruct you here that under the law no one, after having joined the association,—this mutual association,—can withdraw until he has discharged all his liabilities, and, so long as there is any just indebtedness of the company, he could not surrender his policy, and withdraw, so as to escape the payment of liabilities. But the theory and claim of the defense here is that in February, I think, 1895, or some time about that,—you will remember the date, — he surrendered his policy, wanted to withdraw from this company; and it is claimed here that at that time he was indebted somewhat,—that is, there was a liability against him of certain assessments. It is also in evidence in this case, and you must remember the testimony, that some time, possibly in January, 1896, this association brought suit against Mr. Connon to recover what they claimed to be their due upon his withdrawal, or before he could withdraw and sever his connection with this company, so as to escape liability; that they commenced a suit against him; and you have heard the testimony here of the counsel who said he represented the association in bringing that suit, and that, before it went to trial, he, in behalf of the company, adjusted and settled with Mr. Connon, and received $11.02 in payment. Now, I charge you, gentlemen of the jury, if you find in this case, from all the evidence, that Mr. Connon, after having been sued by the association in January, 1896, and after he had surrendered his policy, if he compromised and paid the amount that they required of him at that time, knowing that he had attempted to withdraw and desired to withdraw, if the company settled with him, and received an amount as the balance of his liability, that would end his case. The company had no right to sue him for what was due at that time, and then at some subsequent time commence another suit for an additional amount. If you

find from the evidence in this case that at the time the company made the settlement with him, after that suit was commenced, in January, 1896, that he settled with the company, and paid all the demands it made upon him, because it was nearly a year after this claim of shortage for which the company is now seeking to recover had accrued,—I say, gentlemen, it would be decisive of this case, and your verdict should be for the defendant."

The court was in error in this charge. It appeared that the assessment made for the liabilities of 1894 amounted to $1,000, but that the receiver found, after it had been laid, that the policies of a number of the members had before that time been canceled, and the assessments paid, so that the amount of the assessment made by him fell short of raising the $1,000. It was to meet this deficiency that the new assessment was made for which this suit was brought. Under the undisputed facts, the court should have directed the verdict in favor of the plaintiff for the amount of the assessment sued for. The case is ruled by *Peake* v. *Yule, ante,* 675 (82 N. W. 514).

The judgment must be reversed. and a new trial ordered.

The other Justices concurred.